Justice DOWTY
Specially Concurring:
1 write separately to express my reasoning in concurring with the majority in this case. I am swayed by the concept of erring in favor or inclusion in this case where the transition to the 1999 Constitution was difficult and lacked clear legal guidelines, including the effective date for implementation of term limits. While I agree that the conclusion of the Attorney General should be affirmed as to term limits, I am not fully persuaded by the arguments of “ex post facto application” and the “intent” of the drafters of the document. I would focus, rather, on the language of the 1999 Constitution itself and its application of term limits to “elected terms”.
The 1999 Constitution was a new organic document and not an amendment. It specifically repealed prior Constitutions and replaced them in whole. The language relating to term limits restricted elected officials to two (2) consecutive elected terms. Interpreting this language, mindful of the doctrine of inclusion rather than exclusion where there has been ambiguity in the transitional process, I believe fairness would dictate that term limits would apply to those officials who were elected under the 1999 Constitution after its effective date.
For these reasons, I would therefore concur with the majority that Tribal officials elected in 2007 are under the first elected term of office for the purposes of term limits. Further, I agree with the majority reasoning in affirming that LA 07-07 is Constitutional.